law to support such a finding of malice.     Viele v. Gray, 18 How. Prac. 564; Newell, Defam. (2d Ed.) p. 318.     In fine, smart money may not be based upon any degree of "recklessness or carelessness," but only upon such a degree thereof as shows a wanton or reckless disregard of the rights of others, and hence malice.     Mere carelessness, without regard to its degree, never sufficed.     I do not perceive any intention in the court in Smith v. Matthews to change what has long been in everyday use in the trial of causes as the law in this respect, notwithstanding expressions used in the opinion.     If it does make the change, it applies not merely to libels, but to all torts for which smart money may be given.     I do not understand that smart money may be given for negligence, or fraud, or any tort, unless such tort be accompanied by a malicious intention to injure; and such intention must appear from evidence of actual ill will or hatred in the defendant towards the plaintiff, or of wanton or reckless disregard of the rights of the plaintiff in particular, or of people in general, in the commission of the tort. Lane v. Wilcox, 55 Barb. 615; Sedg. Dam. (8th Ed.) § 364 et seq.

The motion for a new trial is denied.

(25 App. Div. 272.)

### DAVIES v. COLLINS.

(Supreme Court, Appellate Division, First Department.    January Term, 1898.)

SPECIFIC PERFORMANCE.

      The purchaser paid part of the price of land, and a day was fixed to pass the deed. The time was extended by agreement, and at several meetings to close the transaction the purchaser offered to perform the contract, but was prevented from acquiring title by the vendor's attorneys and others. Four days after the time set for closing, the purchaser offered to complete the sale as of the day originally fixed, and was informed that the property had been reported to the owner unsold, when in fact it had been conveyed to another, who took with knowledge of the circumstances. *Held*, that the deed should be set aside, and specific performance enforced in favor of the original purchaser.

Appeal from special term, New York county.

Suit by J. Clarence Davies against Ellen Collins, impleaded with Mary Seiferd, to set aside a deed, and compel specific performance of a contract of sale.    Decree for plaintiff, and defendant appeals.    Affirmed.

The following is the opinion of Mr. Justice BEACH:

This action is brought for the specific performance of a contract for the sale of realty, and to set aside the deed of the property by defendant Seiferd to the defendant Collins, alleged to have been given with knowledge of, and in fraud of, plaintiff's rights. The lot was bid in by the plaintiff at an advertised auction sale held on the premises May 30, 1896, where many other lots were so sold. The plaintiff paid the ten per cent., taking a receipt. By the terms of sale, title was to be passed and papers delivered at the office of the attorney for the seller on July 6, 1896, between ten o'clock a. m. and three o-clock p. m. Prior to this date the plaintiff left for Europe, having provided money for the final payment, and constituted an agent to do all acts needful to the taking of title. The evidence shows an extension of the time to take title from July 6th to the 7th. On this date one Phillips, plaintiff's partner, attended, having a power of attorney from plaintiff and one from J. Charles Seligman, who, by arrangement, was to be the grantee, and give the required mortgage. The only

difficulty arising at this time came from a demand made by the vendor's attorney for ten dollars, because of the necessity for redrawing the mortgage. This Phillips stated he was not authorized to pay. It was concluded that the presence of Seligman was needful, and the closing was postponed until the following evening, when Seligman was to attend. At that time, one Menken, together with Seligman, called at the attorney's residence, ready to complete the transaction, but, from the action of the attorney and others, were unable to do so. A like effort was made the following day, and on July 10th, when offer was made to close the transaction as of July 6th, the attorney then said the right was forfeited, and that the lot had been reported to the owner as unsold. The deed to defendant Collins is dated July 9, 1896, and was recorded the next day. The proofs fully support the conclusion that, from July 7th to and including July 10th, the plaintiff's agent and attorneys were doing all possible to perform his part of the contract, and were diligent and prompt, and that the brief delay resulted from the acts of those representing the vendor, who does not appear at the trial. Time was not of the essence of the contract, and the time-honored principle that equity deems done what parties lawfully contract to do covers the case. No change in the value of the premises has been shown, nor any demand or notice on the part of the vendor for immediate performance, which would debar the plaintiff from the relief sought. The plaintiff has been diligent in an assertion of his rights, and no claim of laches is advanced. Day v. Hunt, 112 N. Y. 191, 19 N. E. 414. The conveyance to defendant Collins might, under some circumstances, prevent the grant of a decree for specific performance, she holding a deed of the premises. The evidence shows the Mulligans (husband and wife) to have been the active managers of the sale. The defendant Collins resided temporarily with them, was present at the sale, and on one occasion, when the plaintiff's representatives called to complete the purchase, on the 8th of July, she seems chargeable with actual notice of the plaintiff's rights and insistence; and, if not, certainly she had knowledge of facts sufficient to put her upon inquiry, and therefore constructive notice. The conclusion of her being an innocent and bona fide purchaser is not upheld by the proofs. The evidence rather shows that her taking of the deed was the result of collusion with the Mulligans in perfecting in that way a plan to deprive the plaintiff of his rights. The conveyance to her should be set aside. Parker v. Conner, 93 N. Y. 118.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William G. Mulligan, for appellant.
Eugene A. Philbin, for respondent.

PER CURIAM. Judgment affirmed, for the reasons given by Mr. Justice BEACH in his opinion below, with costs to respondent, except that the allowance should be reduced from $50 to $40.

(22 Misc. Rep. 462.)

## LAMBERT v. HUBER.

(Supreme Court, Special Term, Niagara County. January, 1898.)

1. EASEMENT—INJUNCTION—QUESTIONING JURISDICTION.

In an action to restrain the obstruction of an alleged alley by buildings, the objection that plaintiff should first establish his title to the land in a court of law cannot be urged where it was not raised by the answer.

2. SAME—ADVERSE POSSESSION.

The occupancy of part of a public alley by buildings thereon, constituting an obstruction, for over 30 years, gives the occupant a title thereto by adverse possession, and abutting owners lose their private rights as to such portions.